IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Angelo Ham, #315014 <br> *aka Angelo Bernard Ham,* <br><br> Plaintiff, <br> v. <br><br> Anthony J, Padula; Bruce Oberman; Ronnie Cribb; Darrell Cain; John J. Brooks, *Associate Warden at LCI*; Sandra Bracey-Simon, *Mail Room Staff at LCI*; Debra Whitney, *Mail Room Staff at LCI*; Ms. White, *IGB at SCDC Headquarters*; Ann Hallman, *IGB at SCDC Headquarters*; David Tatarsky, *General Counsel at SCDC Headquarters*; Robert Peele, *Assistant General Counsel at SCDC Headquarters*; and Ms. Johnson, *IGC at LCI*, <br><br> Defendants. <br> _____ | C/A No. 6:12-937-JMC-KFM <br><br> **REPORT AND RECOMMENDATION** <br> **Partial Summary Dismissal** |

Plaintiff, Angelo Ham, also known as Angelo Bernard Ham, ("Plaintiff"), a prisoner in the Lee Correctional Institution ("LCI") of the South Carolina Department of Corrections ("SCDC") in Bishopville, South Carolina, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983,[1] seeking monetary damages.  *See* Amended

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law."  *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973).  The purpose of § 1983 is to deter state actors from using their badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.  *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996).  In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

1

Complaint, p. 1-2; ECF No. 10, p. 1-2; Complaint, Statement of Claim, Relief; ECF No. 10-6, p. 2-3, 7.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review *pro se* complaints and petitions for relief and submit findings and recommendations to the District Court. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes a district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and are held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his original Complaint (ECF No. 1) in this case on April 5, 2012, alleging that his Eighth Amendment rights were violated when Defendant Cain (Sergeant on LCI's SMU) used excessive force against Plaintiff, on October 22, 2010, by spraying Plaintiff with gas and pepper spray when Plaintiff did not get out of the shower quickly

enough to suit Defendant Cain. Plaintiff's original Complaint may allege sufficient facts to state a cognizable claim against Defendant Cain with regard to his alleged use of excessive force. However, Plaintiff's original Complaint does not make any allegations as to Defendants Padula (LCI Warden) and Cribb (Captain on LCI's SMU), and implicates Defendant Oberman (Administrator, LCI's SMU) only insofar as Plaintiff attaches to his original Complaint a copy of Plaintiff's "request to staff" addressed to Oberman, in which Plaintiff complains to Oberman about Cain's alleged retaliatory gassing. In his October 25, 2010, "request to staff," Plaintiff told Oberman that Cain accused Plaintiff of snitching on Cain and other officers on Cain's "c-card" shift before stating "I hate snitches" and gassing Plaintiff, while Plaintiff was trying to put on his clothes and exit the shower as directed. Plaintiff also attaches to his original Complaint written statements from five inmates who claim that they witnessed Cain's unprovoked, excessive use of force on Plaintiff. ECF No. 1-1, p. 1-6. Plaintiff alleges that he has suffered from "a severe acid reflux pain in the thoracic inlet" since the incident (ECF No. 1, p. 4) and that he has attempted to exhaust SCDC's grievance process by filing step one and step two grievances, but SCDC has never responded to his step two grievance (ECF No. 1, p. 5). It does not appear that Plaintiff was charged with any disciplinary infraction or ever adjudicated guilty of any institutional infraction in connection with the October 22, 2010, incident. Plaintiff seeks compensatory, punitive, and nominal damages, and costs (ECF No. 1, p. 7.).

On April 12, 2012, Plaintiff filed with this court a copy of a step one "emergency grievance" that he submitted to SCDC on July 18, 2011, (ECF No. 7), complaining that his step two grievance concerning the incident, which Plaintiff filed on January 29, 2010, had

never received a response. On May 2, 2012, Plaintiff submitted a letter, (ECF No. 8), asking for a copy of his original Complaint.

Plaintiff filed his Amended Complaint (ECF No. 10) on May 7, 2012, in which he submitted copies of his step one grievance and step two grievance concerning the October 22, 2010, incident. It appears that Plaintiff's step two grievance (dated November 29, 2010) was referred to SCDC's Division of Investigations on March 12, 2011, and was responded to on April 16, 2012, with a denial, which was delivered to Plaintiff on April 23, 2012, after he filed his original Complaint in this case. ECF No. 10-1, p. 4. Defendant Padula's written response to Plaintiff's step one grievance states that Warden Padula has reviewed the grievance and the facts and denies the grievance. ECF No. 10-1, p. 3. Thus, Plaintiff appears to allege that Padula was complicit in Cain's violation of Plaintiff's rights because, having knowledge of Cain's use of excessive force, Padula failed to take action. Again, Plaintiff makes no allegations whatsoever as to Defendant Cribb's involvement in the October 22, 2010, incident.

Plaintiff's Amended Complaint (ECF No. 10) also adds two new sets of Defendants in connection with two newly alleged constitutional violations. Plaintiff alleges that Defendants Brooks (LCI Asst. Warden), Bracey-Simon (LCI mail room staff), and Whitney (LCI mail room staff) violated Plaintiff's First Amendment right to access to the courts by "failing to allow [Plaintiff] to mail a correspondence attached with a complaint [Plaintiff] was attempting to file in the Lee County Clerk of Court." ECF No. 10, p. 1. Plaintiff attaches six exhibits to his Amended Complaint, which are comprised of: Plaintiff's proposed civil complaint, motion to proceed *in forma pauperis*, and cover letter addressed to the Lee County Clerk of Court; and copies of the step one and step two grievances that Plaintiff

filed in connection with these three Defendants' alleged refusal to allow him to mail these documents, on/about December 22, 2009. Plaintiff's step two grievance in connection with this access to court claim appears to have been replied to on March 27, 2012, more than two years after it was filed, and Plaintiff's grievance was upheld. Plaintiff was advised "if you still wish to mail these documents, this mail will be treated as legal mail and postage will be provided." ECF No. 10-1, p. 8. Plaintiff's factual allegations may be sufficient to state a cognizable claim of alleged violation of Plaintiff's First Amendment rights by Defendants Padula, Brooks, Barcey-Simon, and Whitney.

Plaintiff's Amended Complaint (ECF No. 10) also alleges that Defendants White (IGB at SCDC HQ), Hallman (IGB at SCDC HQ), Tatarsky (SCDC Gen. Counsel), Peele (SCDC Asst. Gen. Counsel), and Johnson (IGC at LCI) "violated Plaintiff's due process rights by failing to abide by their own policies." ECF No. 10, p. 2. Plaintiff attaches copies of three exhibits in connection with this claim. The exhibits all appear to be related to the delay in the processing of Plaintiff's grievances in connection with the October 22, 2010, gassing incident and SCDC's investigation that determined that Defendant Cain did not violate any institutional policies/procedures.

The Amended Complaint was not in proper form when it was filed because Plaintiff's proposed service documents were incomplete. By Order dated May 22, 2012 (ECF No. 20), the Court ordered that the additional, newly-named Defendants be added to the case caption and that the original Complaint be attached to the Amended Complaint to create one docket entry designated as the operative Amended Complaint in this case (ECF No. 10). Plaintiff's motion to proceed *in forma pauperis* was granted, Plaintiff's motion for appointment of counsel was denied, and Plaintiff was given a specific time frame in which

5

to bring the case into proper form. On June 20, 2012, in response to the Order, Plaintiff filed proposed service documents. However, Plaintiff's proposed service documents were incomplete. The proposed summonses and Forms USM-285 did not include Plaintiff's name and return mailing address in the appropriate spaces. Therefore, by Order dated June 21, 2012 (ECF No. 27), Plaintiff was given an additional specific time frame in which to bring the case into proper form, by adding Plaintiff's name and return address to the proposed service documents and resubmitting them to the Court. Plaintiff complied with this Court's Order on July 2, 2012, and this case is now in proper form.

The undersigned has carefully reviewed Plaintiff's Amended Complaint (ECF No. 10) and all of Plaintiff's filings in this case and finds that the Amended Complaint should be partially summarily dismissed, without prejudice and without issuance and service of process, as to Defendants Cribb, White, Hallman, Tatarsky, Peele, and Johnson. Plaintiff fails to state a claim on which relief may be granted by this Court against these Defendants. Plaintiff's Amended Complaint is frivolous insofar as it attempts to allege that these Defendants violated any constitutionally protected liberty interest of Plaintiff.

## DISCUSSION

Plaintiff does not have a constitutionally protected interest in access to SCDC's grievance process or its investigative process. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (Prisoners do not have a constitutional right of access to the grievance process). Plaintiff does not have a constitutional right to, or, in fact, any judicially cognizable interest in, the criminal prosecution or non-prosecution of another person or entity. *See Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768 (2005) (citing *DeShaney v. Winnebago*

*County Dep't. of Social Servs.*, 489 U.S. 189 (1989)). *See also Johnson v. S.C. Dep't of Corrections*, No. 06-2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007) ("Plaintiff's allegation that Defendants did not follow their own policies fails, as the failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation.") (citing *Riccio v. County of Fairfax, Virginia*, 907 F.2d 1459, 1469 (4th Cir. 1990)) (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue)); *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992) (violations of prison policies that fail to reach the level of a constitutional violation are not actionable under § 1983). It is settled law that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." *Adams*, 40 F.3d at 75. *See, e.g., Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991) ("Federal regulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure. When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."). Accordingly, the Amended Complaint should be partially summarily dismissed as to Defendants White, Hallman, Tatarsky, Peele, and Johnson because it fails to state a § 1983 claim against them.

As noted above, the Amended Complaint should also be partially summarily dismissed as to Defendant Cribb. There are no allegations of any kind, much less of wrongdoing, contained in the Complaint against Cribb. Under 28 U.S.C. § 1915(e)(2)(B)(i),

7

this Court should dismiss an action filed *in forma pauperis* by a plaintiff that is "frivolous or malicious." Because there are no allegations whatsoever of any wrongdoing on the part of Cribb, Plaintiff's Amended Complaint not only fails to state a claim on which relief may be granted by this court, it is "frivolous"as to Defendant Cribb. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless).

## RECOMMENDATION

It is recommended that the Amended Complaint be summarily dismissed, without prejudice and without issuance and service of process, as to Defendants Cribb, White, Hallman, Tatarsky, Peele, and Johnson. The Amended Complaint should be served on the remaining Defendants, *i.e.* Defendants Padula, Oberman, Cain, Brooks, Bracey-Simon, and Whitney. Plaintiff's attention is directed to the important notice on the next page.


July 9, 2012  s/ Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk of Court
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).