**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| Angelo Ham, | ) | |
| a/k/a Angelo Bernard Ham, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 6:12-cv-00937-JMC |
| | ) | |
| Anthony J. Padula; Bruce Oberman; | ) | |
| Ronnie Cribb; Darrell Cain; John J. | ) | |
| Brooks, Associate Warden at LCI; | ) | |
| Sandra Bracey-Simon, Mail Room | ) | |
| Staff at LCI; Debra Whitney, Mail Room | ) | |
| Staff at LCI; Ms. White, IGB at SCDC | ) | **OPINION AND ORDER** |
| Headquarters; Ann Hallman, IGB at | ) | |
| SCDC; David Tatarsky, General Counsel | ) | |
| at SCDC Headquarters; Robert Peele, | ) | |
| Assistant General Counsel at SCDC | ) | |
| Headquarters; and Ms. Johnson, IGC | ) | |
| at LCI, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is now before the court upon the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 90], filed July 15, 2013, recommending the court grant Defendants Anthony Padula, Bruce Oberman, Darrell Cain, John J. Brooks, Sandra Bracey-Simon, and Debra Whitney (collectively referred to as "Defendants") Motions for Summary Judgment [Dkt. Nos. 47, 80], regarding *pro se* Plaintiff Angelo Ham's ("Plaintiff") claims, brought pursuant to 42 U.S.C. § 1983, alleging cruel and unusual punishment and denial of his constitutional right of access to the courts.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

The court concludes upon its own careful review of the record that the procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. However, a recitation of the relevant facts, in a light most favorable to Plaintiff, is warranted.

Plaintiff is currently incarcerated in the Special Management Unit ("SMU") at Lee Correctional Institution ("LCI"), a facility managed by the South Carolina Department of Corrections. Plaintiff alleges that on October 22, 2010, LCI Officer Cain was "pulling showers" with LCI Officer Thompson. [Dkt. No. 1 at 3]. After filling up both the top and bottom tier showers of the south side of the SMU, Officer Cain yelled to the top tier, where Plaintiff was showering, that the time for showering was up. *Id.* Officer Cain continued to yell as he moved to the top tier showers. *Id.* at 4, 9. When Officer Cain reached Plaintiff's shower, he allegedly yelled at Plaintiff, "Get your snitching ass out of the shower before I gas you Sir." *Id.* at 4; *See also id.* at 8, 9, 13. This outburst from Officer Cain was unexpected and was for no apparent reason. *Id.* at 9. Plaintiff asked Officer Cain what the officer was referring to. *Id.* at 4. Officer Cain told Plaintiff that Plaintiff knew what he was talking about, that Plaintiff was a "snitch", and that it was his first and last directive that Plaintiff exit the shower or else the officer would gas him. *Id.*

Despite another inmate's request to be taken back to his cell because he was ready, Officer Cain remained by Plaintiff's shower as Plaintiff was drying off. *Id.* While he was still drying off, Plaintiff told Officer Cain, "You got me fucked up with somebody else but I'm not gone follow you up though." *Id.* at 4, 10. It was at this moment that Officer Cain gassed Plaintiff. *Id.* at 4. Plaintiff began cursing at Officer Cain who allegedly stated to Plaintiff, "Now

2

go tell the judge that shit." *Id.* at 4; *See also id.* at 8, 10. Officer Cain proceeded to escort another inmate from the shower back to his cell. *Id.* at 4. Officer Cain then returned to Plaintiff, ordered him to exit the shower, and returned Plaintiff to his cell. *Id.* As a result of the incident, Plaintiff alleges he suffered from severe acid reflux pain in the thoracic inlet. *Id.*

## STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce,* 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983).

**Summary Judgment**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue has been raised, the court

must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *See id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## DISCUSSION

**Excessive Force**

Plaintiff filed several specific objections [Dkt. No. 92] to the Magistrate Judge's findings that no genuine issue of material fact existed for Plaintiff's Eighth Amendment cruel and unusual punishment claim. The Magistrate Judge stated the relevant law for this claim as follows:

> To succeed on any Eighth Amendment claim for cruel and unusual punishment, a prisoner must prove: (1) objectively, the deprivation of a basic human need was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." *Wilson v. Seiter,* 501 U.S. 294, 298-304 (1991); *Williams v. Benjamin,* 77 F.3d 756, 761 (4th Cir. 1996). In *Hudson v. McMillian,* 503 U.S. 1 (1992), the United States Supreme Court

> held that whether the prison disturbance is a riot or a lesser disruption, corrections officers are required to balance the need to restore discipline through the use of force against the risk of injury to inmates. The Court held that "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is…whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 6-7.
>
> The Fourth Circuit Court of Appeals applies the following factors when analyzing whether a prison official used force in good faith and not maliciously or sadistically:  (1) [t]he need for application of force, (2) the relationship between that need and the amount of force used: (3) the threat reasonably perceived by the responsible officials; (4) any efforts made to temper the severity of a forceful response, and (5) the absence of serious injury. *Williams,* 77 F.3d at 762 (citing *Hudson,* 503 U.S. at 7).  In *Wilkins v. Gaddy,* 559 U.S. 34 (2010), the United States Supreme Court held that the use of excessive physical force against a prisoner may constitute cruel and unusual punishment even when the inmate does not suffer serious injury. *Id.* at 36-40 (citing *Hudson,* 503 U.S. at 4).  However, the Court noted that the absence of serious injury may be one factor to consider in the Eighth Amendment inquiry as it may suggest "'whether the use of force could plausibly have been thought necessary in a particular situation'" and may indicate the amount of force applied. *Id.* at 37 (quoting *Hudson,* 503 U.S. at 7).

[Dkt. No. 90 at 4-5].

In applying the law to the facts of this action, the Magistrate Judge focused on the subjective portion of the analysis, finding there was no genuine dispute as to whether Officer Cain acted with a "sufficiently culpable state of mind." *Wilson,* 501 U.S. at 298-304.  The Magistrate Judge found that the facts established Plaintiff refused to comply with Officer Cain's order to exit the shower and that Plaintiff was at that time unrestrained. [Dkt. No. 90 at 6]. The Magistrate Judge concluded that Plaintiff's refusal "to comply with Officer Cain's directive created a potentially dangerous situation, and Officer Cain's use of mace to gain compliance and restore order was appropriate." *Id.*  The Report stated that an excessive amount of spray was not used as only 14 grams of chemical munitions were deployed. *Id.*  The Report also mentioned

that Plaintiff had not presented sufficient evidence to establish the injury of a "burning sensation" in his chest, where medical reports indicated Plaintiff had complained of a "burning sensation" at a time before this incident as well.

Plaintiff makes several specific objections to these findings of the Report [Dkt. No. 92]. Defendants have provided Officer Cain's own statement in his affidavit that "Plaintiff refused my directive, refused to exit the shower, refused to be hand-cuffed and began using profanity", as the justification for the use of gas in an effort to restore discipline. [Dkt. No. 47 at 15]. However, the facts viewed in a light most favorable to Plaintiff as the non-movant are that Plaintiff was drying off and preparing to get dressed at the time of the gassing, and was thus attempting to comply with Officer Cain's directives. [Dkt. No. 1 at 4, 8]. The facts are sufficient to establish that Plaintiff was in a locked shower[1], and that Plaintiff told the officer "I'm not gone follow you up though" indicating that Plaintiff did not intend to retaliate against the officer's alleged name-calling and hostile behavior. *Id.* at 4; [Dkt. No. 92 at 2]. Plaintiff also claims that Officer Cain was with Officer Thompson, who allegedly witnessed the incident and allegedly stated that Officer Cain had "no justified reason" to gas Plaintiff. [Dkt. No. 1 at 3, 11, 12].

Thus, the court finds the conflicting views of the encounter create a genuine issue of material fact for the subjective part of the excessive force analysis. *See Tedder v. Johnson,* No. 12-6687, 2013 WL 2501759, at *3-4 (4th Cir. June 12, 2013) (holding that where the facts viewed in the light most favorable to the plaintiff "permit the conclusion that no force was

---

[1] While Plaintiff alleges for the first time that he was located inside of a *locked* shower in his objection to the Report, the court in its discretion has taken this allegation into consideration. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Doe v. Chao,* 306 F.3d 170, 183 n. 9 (4th Cir. 2002), *aff'd,* 540 U.S. 614 (2004) ("While the new evidence was proffered between the magistrate judge's recommendation and the district court's adoption of the recommendation…the question of whether to consider such evidence rests within the sound discretion of the district court.").

necessary at all" and that the plaintiff "posed no threat at all", a reasonable jury could conclude that the use of pepper spray was malicious).

As for the objective component of Plaintiff's Eighth Amendment excessive force claim, the court concludes there is likewise a genuine issue of material fact. It has been recognized that the Eighth Amendment is violated when "prison officials use mace, tear gas or *other chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain.*" *Williams v. Benjamin,* 77 F.3d 756, 763 (1996) (emphasis added). Since the record in the case at hand permits a reasonable inference that there was no need for the employment of gas, its use may have constituted excessive force in violation of the Eighth Amendment.

Defendants contend that the facts do not support Plaintiff's alleged injury of severe acid reflux pain in the thoracic inlet because medical records indicate he complained of a "burning sensation" in his chest over two weeks before the incident with Officer Cain. However, the record permits the inference that Plaintiff did indeed suffer a "burning sensation" again, this time as the result of being sprayed by the chemical munitions. Moreover, the focus of an excessive force claim is the motivation behind the use of force as opposed to the injury incurred. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) ("When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated…whether or not significant injury is evident.").

Because a genuine factual dispute remains regarding the necessity for the use of force, the court is precluded from entry of summary judgment in favor of Defendant Cain on Plaintiff's excessive force claim. Accordingly, Officer Cain, in his individual capacity[2], cannot claim qualified immunity as to this claim because the right to be free from the excessive use of

---

[2] The court accepts the Magistrate Judge's recommendation that Officer Cain is entitled to Eleventh Amendment immunity for Plaintiff's suit against Officer Cain in the officer's official capacity. [*See* Dkt. No. 90 at 8].

chemical agents has been clearly established. *See Iko v. Shreve,* 535 F.3d 225, 240 (4th Cir. 2008) (finding no qualified immunity from suit because the constitutional right against the use of chemical agents in greater quantities than necessary was established "well over a decade ago" giving the officer "fair warning that his conduct was unconstitutional") (internal citations omitted).

The issue remains of whether Plaintiff has made a showing sufficient to hold Defendants Padula and Oberman liable as supervisors for Officer Cain's alleged excessive use of force. Plaintiff contends that Defendant Padula (Warden at LCI) and Oberman (SMU Administrator at LCI) are liable for Defendant Cain's conduct as his supervisors and presumably for their decision not to take disciplinary action against Officer Cain. [Dkt. No. 10 at 6-8]. The Magistrate Judge correctly determined that Defendants Padula and Oberman are entitled to summary judgment for Plaintiff's excessive force claim because Plaintiff has failed to show that Defendants Padula or Oberman personally participated in the alleged misconduct or that they had knowledge that such conduct was widespread or used on multiple occasions. *See Shaw v. Stroud,* 13 F.3d 791, 799 (4th Cir. 1994) ("To satisfy requirements of [knowledge for supervisory liability under § 1983], a plaintiff must show… (1) the supervisor's knowledge of (2) conduct engaged in by subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to plaintiff…Establishing [this] requires evidence that the conduct is widespread, or at least has been used on several different occasions.") Therefore, the court agrees that Defendants Padula and Oberman cannot be held liable as a matter of law and that summary judgment should be granted as to Plaintiff's excessive force claim against them.

**Access to Courts**

Plaintiff objects to the Magistrate Judge's finding that he has failed to show injury from a denial of access to the courts. [Dkt. No. 92 at 6]. It appears that Plaintiff alleges as injury that he was required to refile his state court claim due to a failure of the LCI mailroom employees to mail his documents initially. *Id.* The court accepts the Magistrate Judge's recommendation that Plaintiff's alleged injury is insufficient to satisfy the injury prong of an access to court claim as he did not show he was actually deprived of the ability to ultimately file his claim or that his claim was jeopardized or prejudiced in any way. *See Griffin v. DeTella,* 21 F. Supp. 2d 843, 847 (N.D. Ill. 1998) ("Standing alone, delay and inconvenience do not rise to the level of a constitutional deficiency."); *Akers v. Watts,* 740 F. Supp. 2d 83, 96 (D.D.C. 2010) (stating that for a claim of denial of access to courts, a prisoner "must allege actual injuries as a result of the denial by claiming that an actionable claim was rejected, lost, or prevented from being filed."). Thus, Defendants are entitled to summary judgment for Plaintiff's access to court claim.[3]

---

[3] Given this finding, the court need not address Plaintiff's objection to Defendants' qualified immunity defense for this claim.

**CONCLUSION**

Based on the aforementioned reasons and after a thorough review of the Report and the record in this case, the court **ACCEPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's Report and Recommendation [Dkt. No. 90]. The court **GRANTS** Defendants' Motion for Summary Judgment for Plaintiff's claim of a denial of access to the courts [Dkt. No. 80] and **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion for Summary Judgment for Plaintiff's claim of excessive force [Dkt. No. 47].

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 5, 2013
Greenville, South Carolina