# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | | |
|---|---|---|
| Angelo Ham, | ) | |
| a/k/a Angelo Bernard Ham, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 6:12-cv-00937-JMC |
| | ) | |
| Anthony J. Padula; Bruce Oberman; | ) | |
| Ronnie Cribb; Darrell Cain; John J. | ) | |
| Brooks, Associate Warden at LCI; | ) | |
| Sandra Bracey-Simon, Mail Room | ) | |
| Staff at LCI; Debra Whitney, Mail Room | ) | |
| Staff at LCI; Ms. White, IGB at SCDC | ) | **OPINION AND ORDER** |
| Headquarters; Ann Hallman, IGB at | ) | |
| SCDC; David Tatarsky, General Counsel | ) | |
| at SCDC Headquarters; Robert Peele, | ) | |
| Assistant General Counsel at SCDC | ) | |
| Headquarters; and Ms. Johnson, IGC | ) | |
| at LCI, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is now before the court upon the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 34], filed July 9, 2012, recommending the court summarily dismiss *pro se* Plaintiff Angelo Ham's ("Plaintiff") § 1983 claim against Defendants Ronnie Cribb, White, Ann Hallman, David Tatarsky, Robert Peele, and Johnson (collectively referred to as "Defendants") alleging cruel and unusual punishment and denial of his constitutional right of access to the courts.

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this

summary as its own.  However, a brief recitation of the procedural background in this case is warranted.

Plaintiff is currently incarcerated in the Special Management Unit ("SMU") at Lee Correctional Institution ("LCI"), a facility managed by the South Carolina Department of Corrections.  Plaintiff alleges that on October 22, 2010, LCI Officer Cain used excessive force when he gassed Plaintiff while the officer was "pulling showers" in the SMU.  [Dkt. No. 1 at 3-4].  On April 5, 2012, Plaintiff filed his original Complaint [Dkt. No. 1] alleging that Officer Cain violated his constitutionally protected interest against cruel and unusual punishment.  In his Complaint, Plaintiff made no direct allegations against Defendant Cribb (Captain on LCI's SMU) but Plaintiff named him as a defendant.  [Dkt. No. 34 at 3].

On May 7, 2012, Plaintiff filed his Amended Complaint [Dkt. No. 10] alleging, in part, that Defendants White, Hallman, Tatarsky, Peele, and Johnson violated his due process rights by contributing to a delay in the processing of his grievances related to the alleged incident with Officer Cain.  [Dkt. No. 34 at 5].

The Magistrate Judge issued the Report on July 9, 2012, recommending that the claims against Defendants be summarily dismissed without prejudice and without issuance and service of process.  *Id.* at 8.  This recommendation was based upon Plaintiff's failure to make an allegation "of any kind, much less of wrongdoing" against Defendant Cribb.  The Report also found that Plaintiff failed to show that he suffered a constitutional violation as a result of his allegation that Defendants White, Hallman, Tatarsky, Peele, and Johnson failed to abide by their own policies in processing his grievances.

On July 16, 2012, Plaintiff filed Objections to the Report ("Objections") [Dkt. No. 38] in opposition to summary dismissal of his claims against Defendants.  His objections were that the

court had jurisdiction to address his claims against Defendants, and that he had pled sufficient facts to state cognizable claims under state and federal law.

## STANDARD OF REVIEW

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections.  Fed. R. Civ. P. 72(b).  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Therefore, if the plaintiff fails to properly object because the objections lack the requisite specificity, then de novo review by the court is not required.

## DISCUSSION

Plaintiff's Objections lack the requisite specificity required by Federal Rule of Civil Procedure 72(b).  Plaintiff makes an argument for jurisdiction that the court need not address because jurisdiction was not at issue in the Report.  Plaintiff also fails to go beyond a mere statement that federal and state law has been violated, and does not object to the Report with specificity.  Objections that do not address key issues are not considered proper objections. Therefore, the court does not need to conduct a de novo review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."

*Diamond*, 416 F.3d at 316.  The court does not find clear error and accepts the Report by the Magistrate Judge.

## CONCLUSION

Based on the aforementioned reasons and after a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation. [Dkt. No. 34].  Defendants Cribb, White, Hallman, Tatarsky, Peele, and Johnson are thereby **DISMISSED** without prejudice from this action.

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

September 6, 2013
Greenville, South Carolina

4